Allen v. Hand

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31ˢᵗ day of May, two thousand twelve.

**PRESENT:**
> **PETER W. HALL,**
> **SUSAN L. CARNEY,**
> > *Circuit Judges,*
>
> **SHIRA A. SCHEINDLIN,**[*]
> > *District Judge.*

———————————————————————————

Sheila Allen,

> *Plaintiff-Appellee*,

> **v.**                                                           **11-1826**

Brigid Hand, Joseph Visconti,

> *Defendants-Appellants*,

> **v.**

Nassau County Executive Office, *et al.*,

> *Defendants*.

———————————————————————————

———————————————

[*]Judge Shira A. Scheindlin, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR PLAINTIFF-APPELLEE:**        Sheila Allen, *pro se*, Freeport, New York.

**FOR DEFENDANTS -APPELLANTS:**    Donna B. Swanson, Deputy Town Attorney, Town of Oyster Bay, *for* Leonard Genova, Town Attorney, Oyster Bay, New York.

Appeal from an order of the United States District Court for the Eastern District of New York (Bianco, *J.*; Lindsay, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Appellants Brigid Hand and Joseph Visconti, through counsel, appeal, in part, the district court's March 2011 order, granting in part and denying in part their Federal Rule of Civil Procedure 12(b)(6) motion to dismiss Sheila Allen's *pro se* 42 U.S.C. § 1981 complaint. Specifically, they appeal the district court's decision to the extent that it determined that Hand and Visconti were not entitled to qualified immunity at the motion-to-dismiss phase of the proceedings below. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In a civil case in which the United States is not a party, Federal Rule of Appellate Procedure 4(a)(1) and 28 U.S.C. § 2107 require an appellant to file a notice of appeal within 30 days of the entry of the judgment or order being appealed. In *Bowles v. Russell*, the United States Supreme Court held "that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." 551 U.S. 205, 214 (2007). Therefore, this Court is "obliged to examine the question *sua sponte*." *Travelers Ins. Co. v. Carpenter*, 411 F.3d 323, 328 (2d Cir. 2005).

2

Here, the district court entered its order on Monday, March 21, 2011. Hand and Visconti filed their notice of appeal on Thursday, April 21, 2011. However, Hand and Visconti had only until Wednesday, April 20, 2011 to timely file a notice of appeal. Thus, because Hand's and Visconti's notice of appeal was filed 31 days after the district court entered its order denying in part their Rule 12(b)(6) motion to dismiss, their appeal was untimely filed by one day, and this Court lacks jurisdiction over the appeal. *See Bowles*, 551 U.S. at 214.

Accordingly, the appeal is **DISMISSED** for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3